IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


CHESTER DAVIS,

      Plaintiff,

v.                                  CASE NO.  4:06cv451-RH/WCS

VINNELL CORPORATION, et al.,

      Defendants.

_____/


**ORDER DISMISSING CLAIMS FOR**
**LACK OF PERSONAL JURISDICTION**


      This is an action alleging employment discrimination and overtime pay violations.  Plaintiff was a Florida resident when he applied for the job and was hired, but the job was to be performed, and all of the alleged violations occurred, in Qatar.  Named as defendants are the employing corporation and two of its employees.  All have moved to dismiss for lack of personal jurisdiction and improper venue.  I grant the motions.

                                  I

      On December 2, 2004, plaintiff Chester Davis, a Florida resident, saw an advertisement placed by defendant Vinnell Corporation (based in Virginia) in the

Air Force Times, a publication with national circulation. The ad solicited applications for employment in Qatar. Mr. Davis responded to the ad, communicating with Vinnell through a series of telephone conversations, faxes, and mailings. These resulted in an agreement under which Mr. Davis was to work for Vinnell in Qatar. Mr. Davis signed the agreement in Florida before Vinnell signed the agreement at its offices in Virginia.

All of the communications that led to the employment agreement were between Mr. Davis in Florida and Vinnell employees in Virginia except for several telephone calls between Mr. Davis and defendant Michael Sharp. Mr. Sharp worked for Vinnell in Virginia and originally spoke to Mr. Davis from there, but coincidentally, his prior residence was in Florida, and he returned to Florida to sell the residence at the very time when he was communicating with Mr. Davis about his possible employment. Several telephone calls thus were between Mr. Davis and Mr. Sharp while both were in Florida.

Mr. Davis began work for Vinnell on January 19, 2005, in Qatar. He asserts Vinnell discriminated against him based on race and age and failed to pay overtime as required. Mr. Davis alleges that when he complained, Vinnell subjected him to a hostile work environment. Mr. Davis says Mr. Sharp and another Vinnell employee, defendant Steve Mueller, participated in the mistreatment. Mr. Davis says he ended his employment with Vinnell on July 9, 2005, because of the

intolerable environment.  He returned home to Florida.

The remaining facts deal with defendants' contacts with Florida.  Vinnell obtained a certificate of authority to conduct business in Florida that was in effect until October 1, 2004, when it was revoked for failure to file the required annual report.  Vinnell has done no business in Florida since January 1, 2006.  Vinnell is a subsidiary of Northrop Grumman Corporation, a multinational corporation with worldwide operations, including in Florida.

For his part, Mr. Sharp was a Florida resident for about a year in 2004 and 2005.  He went to Virginia to work for Vinnell before the events at issue, but he was back in Florida selling his home at the time of some of his communications with Mr. Davis about the job at issue.   Those communications, however, were unrelated to the misconduct on which Mr. Davis bases his claims.  Mr. Sharp is now a resident of Texas, where he moved when he finished his work in Qatar.  He has no present contacts with Florida, other than his ownership of a mobile home and lot where his wife's parents live.

Mr. Mueller has never been a Florida resident or engaged in business activities in the state.  Indeed, he does not have and apparently has never had any contacts with the state at all, whether related or unrelated to the events at issue in the case at bar.

II

The controlling issue is whether the Due Process Clause would allow the exercise of personal jurisdiction over Vinnell, Mr. Sharp, or Mr. Mueller, under these circumstances. The answer, under the law of the circuit, is no. Two Eleventh Circuit cases are dispositive.

In *Johnston v. Frank E. Basil, Inc.*, 802 F.2d 418 (11th Cir. 1986), a corporation placed an advertisement in an Alabama newspaper seeking employees to perform work in Saudi Arabia. The plaintiffs, residents of Alabama, responded. After sending an agent into Alabama to interview one of the plaintiffs, the corporation hired the plaintiffs, signing agreements outside the state. The employment agreements were to be performed in Saudi Arabia, and the alleged breach occurred there. The district court held that subjecting the corporation to jurisdiction in Alabama would violate the Due Process Clause. The Eleventh Circuit affirmed, adopting the district court opinion in full.

Similarly, in *Future Technology Today, Inc. v. OSF Healthcare Systems*, 218 F.3d 1247 (11th Cir. 2000), an Illinois healthcare corporation (OSF), which did business only in the Midwest, hired a Florida corporation (Future Technology) to provide Y2K remediation services. OSF first contacted Future Technology by telephone call from Illinois to Florida. Future Technology representatives went to Illinois to make a presentation. The parties entered a contract for an impact

analysis, which was performed without issue.  A second contract, for the actual remediation work, was signed first by Future Technology in Florida and then by OSF in Illinois.  Large amounts of OSF data were transmitted to Future Technology's offices in Florida, where the remediation work was done.  When a dispute arose, OSF sent a team to Florida to inspect the work.  The parties did not resolve the dispute, and Future Technology filed suit in Florida.  The district court dismissed, holding that exercise of personal jurisdiction over OSF would violate the Due Process Clause.  The Eleventh Circuit affirmed, adopting the district court opinion in full.

Like the case at bar, *Johnston* and *OSF* each involved a contract between a resident of the forum and a corporation that did no other business there.  In each case, the nonresident corporation initiated the contact, either by placing an advertisement or directly.  In each case, the Eleventh Circuit held that due process prohibited the exercise of jurisdiction in the forum.

The case at bar presents a substantially weaker case for the exercise of personal jurisdiction than either *Johnston* or *OSF*.  In *Johnston* the nonresident sent a representative into the forum for the very purpose of conducting an interview.  In *OSF* the nonresident sought out the resident not by advertisement but by choosing the resident and contacting the resident directly, much of the work was done by the resident at its offices in the forum, and the nonresident sent a team of

representatives into the forum to check on the very dispute that led to the litigation. If, as the Eleventh Circuit squarely held in *Johnston* and *OCF*, due process prevented the exercise of jurisdiction under those circumstances, then the same is true in the case at bar. Indeed, *Johnston* and the case at bar are remarkably similar.

Three factors relied on by Mr. Davis do not change this result. First, it apparently is true, as Mr. Davis emphasizes, that some of the contacts leading to the employment agreement at issue were telephone calls between Mr. Davis (at his home in Florida) and Mr. Sharp (who was also, coincidentally, in Florida at the time). But in *Johnston*, the nonresident defendant actually conducted an interview of one of the plaintiffs in Alabama; that did not change the result. Sending a representative into a state for the very purpose of conducting an interview provides far more support for the exercise of jurisdiction than phone calls with a representative who, for reasons of his own, happens to be in the forum at the time. The phone calls do not change the result.

Second, Vinnell had a certificate of authority to do business in Florida until 2004, and may actually have done business prior to January 1, 2006. None of that business, however, had anything to do with hiring Mr. Davis, or with the alleged violations that are the subject of this action. Nothing in this record suggests that Vinnell was engaged in any business in Florida when this action was initiated. And while Vinnell has reinstated its certificate of authority, it apparently still does

no business in the state, and Mr. Davis initiated this action not by serving process on any registered agent in the state, but only based on the Florida long-arm statute.

Third, Vinnell is a subsidiary of Northrop Grumman Corporation, a multinational corporation that does business in Florida. The issue, however, is not whether personal jurisdiction exists over Northrop Grumman, but whether there is jurisdiction over Vinnell. Most courts addressing the issue have held that a subsidiary is subject to personal jurisdiction based on its parent's contacts with the forum only if the subsidiary and parent are alter egos—the same (or substantially the same) standard applicable to attempts to pierce the corporate veil for liability purposes. *See, e.g., Intermor v. Walt Disney Co.,* 250 F. Supp. 2d 116, 120 (E.D.N.Y. 2003) (holding no personal jurisdiction existed over subsidiary even though its parent—a multinational corporation—did business in forum) (collecting cases); *Keating-Traynor v. Westside Crisis Ctr.*, No. C 05-04475 CRB, 2006 WL 1699561, at * 3 (N.D. Cal. 2006) (holding no personal jurisdiction existed over subsidiary: "A parent's contacts with a forum may be sufficient to establish personal jurisdiction of a subsidiary only if the parent is the alter ego of the subsidiary."); *cf.* 13B Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3625, at 635-36 (2d ed. 1984) (noting the general rule that "a subsidiary corporation has its own principal place of business for purposes of diversity jurisdiction, unless it is merely an 'alter ego' or agent of the parent

corporation").

Nothing in this record provides any substantial support for treating Vinnell and Northrop Grumman as alter egos.  *See, e.g., Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1320 (11th Cir. 1998) ("A party seeking to pierce the corporate veil and hold a parent corporation liable for the actions of its subsidiary must prove: (1) that the subsidiary was a 'mere instrumentality' of the parent, and (2) that the parent engaged in 'improper conduct' through its organization or use of the subsidiary.").  In short, Mr. Davis's agreement was with Vinnell, and his lawsuit is against Vinnell.  Absent a basis for exercising personal jurisdiction over Vinnell, the claims against Vinnell cannot go forward in this court.

III

For the same reasons, jurisdiction cannot be exercised over Mr. Sharp.  He was once a Florida resident, but he left the state prior to the hiring of Mr. Davis in order to go to work for Vinnell in Virginia and ultimately in Qatar.  That a person is a former resident of the forum is not a basis for the exercise of jurisdiction with respect to matters unrelated to the former residency.  Mr. Sharp's alleged misconduct all occurred in Qatar.

That Mr. Sharp, as Vinnell's representative, happened to be in Florida when he had telephone calls with Mr. Davis before Mr. Davis was hired does not change

this result.  Those calls had nothing to do with the alleged violations on which this action is based—and under *Johnston* or *OSF*, it might not matter even if there had been a relationship between those calls and the violations.  Similarly, Mr. Sharp's ownership of a mobile home and lot where his wife's parents live does not change this result; the mobile home and lot had nothing to do with this controversy or even with Mr. Sharp's employment with Vinnell.

IV

The absence of personal jurisdiction over Mr. Mueller is even more clear.  He did nothing related to this case in Florida and indeed has had no contacts with Florida at all.  Mr. Mueller's only involvement with Mr. Davis occurred in Qatar.

Mr. Davis says Mr. Mueller conspired with Vinnell and Mr. Sharp, but that would provide no basis for jurisdiction in Florida even if true, especially because there is no basis for jurisdiction in Florida over Vinnell or Mr. Sharp.

V

For these reasons,

IT IS ORDERED:

Defendants' motions to dismiss (documents 5, 6, and 7) are GRANTED.  The clerk shall enter judgment stating, "This action is dismissed without prejudice

for lack of personal jurisdiction."

SO ORDERED this 27th day of August, 2007.

s/Robert L. Hinkle
Chief United States District Judge
